DOWNEY, Judge.
Appellee filed applications with appellant for admission of his two teenage sons as boarding students for the academic year 1970-1971. The applications were submitted on a printed form furnished by appellant containing caveats that all students are accepted for the entire school year; that no deduction or rebates will be made for dismissal, withdrawal, absence, illness, or for any other reason during the school year; and parents “will be held responsible for full payment from date for the entire year.” The application also acknowledges that it is being made subject to the rules and regulations and financial terms contained in the Pine Crest Handbook and Curriculum Guide and the current Calendar and Fee Schedule. The schedule referred to specified that the tuition and board was payable one-half in August and the balance in December. The handbook also contained certain vague provisions relative to the length of boys’ hair.
In July 1970, appellee sent appellant the required first semester tuition board and fees. The two boys arrived in September and before either boy registered a controversy arose over the length of the oldest boy’s hair. The parties do not agree on what transpired thereafter, but without registering, the boys departed for their home and never returned to Pine Crest.
Appellee sued to recover the monies he had paid to appellant and appellant counterclaimed to recover the balance allegedly due and unpaid for the remainder of the school year. Both parties eventually moved for summary judgments and the trial court granted plaintiff’s motion and denied defendant’s.
From our review of the record and briefs we conclude that there were genuine issues of fact which precluded summary judgment. If appellant prevented the oldest boy from registering due to the length of his hair, it may be that appellee would be entitled to a return of the money paid for him since the rules pertaining to hair styles was sufficiently vague that it cannot be said an agreement had been reached between the parties on that score. If on the other hand the appellant did not prevent him from registering but the boy decided to leave, the court may find appellee was not entitled to recover. On a full examination of the facts the court may find that the two applications were not interdependent and that regardless of the decision as to the oldest boy’s reason for departing, there was no justification for the youngest boy’s departure.
The foregoing resumé of questions of fact are simply suggested as having a basis in the record and their resolution will of course depend upon the trial court’s weighing of the evidence. They are not intended to be binding upon the trial court but only to demonstrate our conclusion that summary judgment was not appropriate here.
Accordingly, the judgment appealed from is reversed and the cause is remanded for further proceedings.
CROSS and MAGER, JJ., concur.